IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DHR INTERNATIONAL, INC., <br><br> Plaintiff, <br> v. <br><br> TRAVERLERS CASUALTY AND SURETY COMPANY OF AMERICA, <br><br> Defendant. | No. 15 C 4880 <br><br> Judge Virginia M. Kendall |

## **MEMORANDUM OPINION AND ORDER**

Defendant Travelers Casualty and Surety Company of America issued Plaintiff DHR International, Inc. an insurance policy that included coverage for lawsuits brought against DHR for employment disputes. Three former DHR employees filed complaints against DHR for a number of employment issues. The dispute before the Court arises from Travelers's defense of DHR in those cases. DHR filed a four-count Complaint seeking (1) a declaration that the *Charlson*, *Torres*, and *Barge* cases are considered a single claim subject to a single retention under the insurance policy; (2) a declaration that DHR is entitled to independent defense counsel in *Barge* and Travelers is estopped from asserting any coverage defenses in that case; (3) damages for breach of contract from Travelers's breach of its duty to defend; and (4) damages under 215 ILCS 5/155.[1] Travelers moves to dismiss the Complaint or asks the Court in the alternative to stay the case until resolution of the underlying action.[2] For the reasons outlined

---

[1] The Amended Complaint does not include a Count IV but skips from Count III to Count V. (Dkt. No. 26 at 15-16.)

[2] Travelers does not cite to a Federal Rule of Civil Procedure as a basis for dismissal of the Complaint. Travelers asks the Court to dismiss the Complaint because it is "not ripe for adjudication" or because its allegations "are insufficient to state a claim as a matter of law[.]" The former argument clearly refers to Rule 12(c) and the latter to Rule 12(b)(6). The Court will accordingly apply these standards.

1

below, the Court grants in part and denies in part Travelers's motion to dismiss the Complaint. (Dkt. No. 32.)

## BACKGROUND

DHR is an executive search firm that is incorporated in Delaware and has its principal place of business in Chicago, Illinois. (Dkt. No. 26 at ¶6.) Travelers is an insurance company incorporated in Connecticut that has its principal place of business in Hartford, Connecticut. *Id.* at ¶7. From April 7, 2014 to May 1, 2015, DHR was covered by an insurance policy ("Policy") issued by Travelers. *Id.* at ¶16. Under the Policy, Travelers has a duty to defend DHR in any claim covered by one or more of the Policy's Liability Coverages. *Id.* at ¶20. The Policy includes the following definitions and conditions:

> Related Wrongful Act means all Wrongful Acts that have as a common nexus, or are causally connected by reason of, any fact, circumstance, situation, event or decision.
>
> All Claims or Potential Claims for Related Wrongful Acts will be considered as a single Claim or Potential Claim, whichever is applicable, for purposes of this Liability Policy[.]
>
> All Related Wrongful Acts are a single Wrongful Act for purposes of this Liability Coverage, and all Related Wrongful Acts will be deemed to have occurred at the time the first of such Related Wrongful Acts occurred whether prior to or during the Policy Period.

*Id.* at ¶21. Each "Employment Practices Liability" claim is subject to a $100,000 retention according to the Policy. *Id.* at ¶22.

DHR filed a lawsuit against Adam Charlson on April 24, 2014 for breach of fiduciary duties to DHR and other claims. *Id.* at ¶10. Charlson in turn filed a lawsuit on May 28, 2014 for a number of claims including wrongful termination and failure to pay compensation. *Id.* at ¶11. The two cases were consolidated and removed to the U.S. District Court for the Northern District

of California. *Id.* at ¶12. On June 16, 2014, Angela Torres brought claims in state court against DHR for wrongful termination, retaliation, and owed wages, amongst other claims, based on Charlson's termination and her association with him. *Id.* at ¶13. On January 29, 2015, Kristen Barge filed a Charge of Discrimination against DHR with the California Department of Fair Employment and Housing, which dismissed the Charge and issue a right to sue letter. *Id.* at ¶14. Barge filed a lawsuit against DHR in the U.S. District Court for the Northern District of California on March 12, 2015, that alleged that she was wrongfully terminated and owed wages. *Id.* at ¶15.

When Charlson sued DHR, Travelers agreed to defend DHR pursuant to the Policy in the lawsuit by appointing its panel counsel. *Id.* at ¶27. Travelers's defense of DHR in the *Charlson* case was subject to a reservation of rights letter that did not inform DHR about its right to independent counsel. *Id.* at ¶¶24, 26. On February 18, 2015, in response to DHR's request, Travelers consented to the appointment independent defense counsel in *Charlson* who defended DHR through the case's settlement. *Id.* at ¶¶28-29. Similarly, in the *Torres* case Travelers agreed to defend DHR subject to a reservation of rights and appointed Ruberry, Stalmark & Garvey, LLC ("RSG") as independent defense counsel upon DHR request. *Id.* at ¶¶30-35. In the *Barge* case, Travelers again agreed to defend DHR subject to a reservation of rights. *Id.* at ¶36. On February 23 and May 5, 2015, DHR requested in writing that Travelers appoint independent defense counsel in *Barge*. *Id.* at ¶¶42-43. Travelers denied both requests and appointed its panel counsel, Freeman Mathis & Gary, LLP, who represented DHR in the matter. *Id.* at ¶¶42, 45-46.

In the *Torres* lawsuit, on June 8, 2015 Travelers demanded that RSG report its strategy exclusively to Michael Rosen, a partner with the law firm Skarzynski Black LLC. *Id.* at ¶47.

3

Rosen and his law firm represent Travelers in this action and prior litigation. *Id.* RSG billed Travelers for its defense of *Torres* in June and July of 2015, but as of August 12, 2015 Travelers had not paid RSG. *Id.* at ¶¶48-51. In *Barge*, DHR asked Freeman Mathis not to disclose to Travelers any privileged information until the Court decides DHR's claim for independent defense counsel. *Id.* at ¶52. On August 3, 2015, Rosen warned DHR against injecting itself between Freeman Mathis and Travelers because it could prejudice Travelers and potentially compromise DHR's right to coverage under the Policy. *Id.* at ¶53.

Since the filing of the Complaint and Travelers's motion to dismiss, the *Torres* and *Barge* lawsuits have resulted in settlement. (Dkt. No. 57 at 1.) Pursuant to the Court's order, the parties filed a Joint Status Report describing how the settlements in those cases affect this litigation. (Dkt. No. 57.)

## **LEGAL STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient factual matter to state a claim to relief that is plausible on its face." *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 826 (7th Cir. 2015) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "To satisfy the notice pleading standard of Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must merely provide a short and plain statement of the claim which is sufficient to give the defendant fair notice of what the...claim is and the grounds upon which it rests[.]" *Smith v. Dart*, 803, F.3d 304, 309 (7th Cir. 2015) (quotation omitted). When reviewing a complaint on a 12(b)(6) motion, the Court accepts all well-pleaded facts in the Complaint as true and

then asks whether those facts state a plausible claim for relief. *Id.* at 679. But allegations that state "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action" are not entitled to the assumption of truth. *Id.* at 678.

## DISCUSSION

### I. Counts I & II

In their Joint Status Report, the parties agree that the settlements in *Torres* and *Barge* moot the causes of action in Counts I and II. (Dkt. No. 57 at 2.) The Court therefore dismisses these claims with prejudice.

### II. Count III

In Count III, DHR seeks relief for Travelers's breach of its duty to defend in the *Barge* case because the reservation of rights letter created a conflict of interest. Specifically, DHR claims Travelers breached its duty to defend under the Policy by failing to appoint independent counsel and advise DHR of its right to independent counsel. Count III also requests attorney's fees owed to the independent counsel appointed to defend DHR in the *Torres* case. The parties agree in their Joint Status Report that the settlement moots Travelers's argument in its motion to dismiss that Count III is not ripe for adjudication. (Dkt. No. 57 at 2.) The Joint Status Report states that "Travelers believes that DHR's cause of action seeking damages for breach of the duty to defend (Count III) is confined to its claim for Defense Expenses not reimbursed by Travelers, but DHR believes that issue remains fully justiciable." *Id.* DHR additionally "believes these claims are not moot and contends the damages total over $200,000." *Id.* at 4.

Travelers moves to dismiss Count III to the extent that it seeks damages for its failure to appoint independent counsel and advise DHR of its right to independent counsel in the *Barge* case. Travelers argues that the Complaint fails to state a claim for breach of its duty to defend because a serious conflict of interest did not arise in *Barge* because "Barge's claim of

5

employment discrimination and her claim for compensation due are independent of each other, and thus DHR's defense counsel [did] not possess even a theoretical ability to 'steer' the litigation away from a covered claim and toward and [sic] uncovered claim." (Dkt. No. 33 at 9.) Travelers claims that because the *Barge* case consists of covered and uncovered claims that are factually independent, DHR has not plausibly alleged a breach of Travelers's duty to defend. The reservation of rights letter also did not trigger the right to independent counsel according to Travelers. DHR responds that the Complaint alleges sufficient facts to plead that an actual conflict exists under Illinois law. DHR posits that the Complaint's allegations align with Illinois law requiring appointment of independent counsel when the underlying claims are for willful and negligent conduct. Alternatively, DHR asserts that because Barge requested punitive damages, DHR was entitled to independent counsel under Illinois law.

In Illinois, "an insurer has a broad duty to defend its insured in any action where the allegations in the complaint are even potentially within the scope of the policy's coverage" while the insured has the "right to control and direct the defense." *Nat'l Cas. Co. v. Forge Indus. Staffing Inc.*, 567 F.3d 871, 874 (7th Cir. 2009) (citations omitted). When the insurer shoulders defense of the insured by appointing counsel, the insured has the right to independent counsel at the insurer's expense if a serious conflict of interest exists between the insurer and the insured. *See Md. Cas. Co. v. Peppers*, 355 N.E.2d 24, 31 (1976); *Nat'l Cas. Co.*, 567 F.3d at 874. "The test of whether a conflict of interest exists, allowing the insured to assume control of the defense, is if, in comparing the allegations of the complaint to the terms of the policy, the insurer's interests would be furthered by providing a less than vigorous defense to the allegations." *Am. Country Ins. Co. v. Williams*, 791 N.E.2d 1268, 1276 (Ill. App. Ct. 2003). The Court may also rely on a reservation of rights letter in its analysis. *See Stoneridge Dev. Co., Inc. v. Essex Ins.*

*Co.*, 888 N.E.2d 633, 647 (Ill. App. Ct. 2008) (finding that the Court may consider a reservation of rights letter sent by insurance company when deciding if there is an actual conflict). If after conducting this comparison, "it appears that factual issues will be resolved in the underlying suit that would allow insurer-retained counsel to 'lay the groundwork' for a later denial of coverage, then there is a conflict between the interests of the insurer and those of the insured." *Am. Family Mut. Ins. Co. v. W.H. McNaughton Builders, Inc.*, 843 N.E.2d 492, 498 (Ill. App. Ct. 2006) (citation omitted). But "[a] conflict of interest does not exist simply because an insurer has an interest in negating coverage." *Stoneridge*, 888 N.E.2d at 645 (citation omitted). Illinois courts have found generally that independent counsel should be appointed when the insurer's "interests would be furthered by providing a less than vigorous defense to those allegations." *Ill. Masonic Med. Ctr. v. Turegum Ins. Co.*, 522 N.E.2d 611, 613 (Ill. App. Ct. 1988). In particular, Illinois courts have held that independent counsel must be appointed when "when the underlying complaint contains two mutually exclusive theories of liability, one which the policy covers and one which the policy excludes," such as "when the policy covers neglect but not intentional conduct." *Nat'l Cas. Co.*, 567 F.3d at 875. They have also recognized that independent counsel is necessary when the underlying lawsuit seeks punitive damages that would dwarf compensatory damages and the insurance policy does not cover punitive damages, creating the possibility that an insurer might find it more economically efficient to put forth a less than vigorous defense of the compensatory damages, leaving the insured exposed to high punitive damages. *See Nandorf, Inc. v. CNA Ins. Co.*, 479 N.E.2d 988, 992 (Ill. App. Ct. 1985).

In *Barge*, the plaintiff filed a nine-count complaint against DHR for sex discrimination, race discrimination, wrongful termination, breach of her employment agreement, breach of the implied covenant of good faith and fair dealing, failure to pay overtime wages and all wages

7

upon separation, failure to provide wage statements, and unfair competition. (Dkt. No. 26 at Ex. C.) The *Barge* reservation of rights letter quotes from Exclusion B of the Policy, which reads:

> 1. [Travelers] will not be liable for Loss, other than Defense Expenses, for any Claim seeking costs and expenses incurred or to be incurred to comply with an order, judgment or award of injunctive or other equitable relief of any kind, or that portion of a settlement…arising from [DHR's] obligation to provide reasonable accommodation under, or otherwise comply with, the Americans With Disabilities Act or the Rehabilitation Act of 1973
>
> 2. [Travelers] will not be liable for Loss, other than Defense Expenses, for any Claim seeking severance pay, damages or penalties under an express written Employment Agreement, or under any policy or procedure providing for payment in the event of separation from employment; or sums sought solely on the basis of a claim for unpaid services.

(Dkt. No. 26, Ex. G. at 2.) The letter goes on to state: "Barge alleges disability discrimination and a failure to accommodate her by DHR. Barge also alleges wrongful termination and a failure by DHR to pay owed wages, paid time off and commissions. Accordingly, Travelers reserves its right to disclaim liability from any Loss, other than Defense Expenses, excluded from coverage pursuant to Exclusions B.1. and B.2." *Id.* at 2-3.

Barge's complaint does not plausibly "contain two mutually exclusive theories of liability" such that DHR was entitled to independent counsel under Illinois law. *Nat'l Cas. Co.*, 567 F.3d at 875. The Illinois Supreme Court recognized that a serious conflict arises in this situation in *Peppers* where it found that independent counsel is necessary when the insured can be found to have acted either negligently or intentionally in the underlying lawsuit. 355 N.E.2d at 30. The insurance policy in that case would have covered the insured if he was found negligent but not if he was found to have acted intentionally. *See id.* Therefore, the theories of liability were mutually exclusive and the insurer's appointed counsel had an interest in steering towards a finding of intent and not negligence. *See id.* In contrast, under Travelers's reservation

of rights letter in *Barge* there was no risk of mutually exclusive theories of liability because DHR could be held liable for the discrimination and wrongful termination claims that Travelers reserved the right to disclaim liability for and also held liable for other claims asserted by Barge for which Travelers did not reserve the right to disclaim liability; hence, the theories of liability for the covered and uncovered claims were not mutually exclusive. In short, looking at Barge's complaint and the reservation of rights letter even in the light most favorable to DHR, it is implausible that DHR's liability for claims that Travelers reserved its rights for would preclude a finding that it liable for claims that are covered by the Policy or vice versa. Even when drawing all reasonable inferences in DHR's favor, DHR has failed to allege sufficient facts proving that the covered and uncovered claims in *Barge* present mutually exclusive theories of liability, thereby creating a serious conflict necessitating appointment of independent counsel.

Second, the Policy defines "Loss" as "Defense Expenses and money which an Insured is legally obligated to pay as a result of a Claim including…punitive or exemplary damages." (Dkt. No. 26, Ex. D at 67.) Accordingly, in the *Barge* case Travelers is required to reimburse DHR for any punitive damages owed for claims that are covered by the Policy. A serious conflict of interest arises when an insurer is not liable under the insurance policy for punitive damages and the disparity between punitive and compensatory damages is so great that appointed counsel may not be incentivized to vigorously defend the insured against high punitive damages. *See Nandorf*, 479 N.E.2d at 992. But here, Travelers is on the hook for any punitive damages resulting from claims covered by the Policy, and therefore there is no plausible risk that appointed counsel would not "provid[e] a less than vigorous defense[.]" *Turegum Ins. Co.*, 522 N.E.2d at 613. Overall, after considering Barge's complaint, the Policy, and Travelers's reservation of rights letter, it is implausible that a conflict of interest existed between appointed

9

counsel and DHR as a result of the reservation of rights letter because Travelers's interest in negating coverage for certain claims alone is not sufficient to create a conflict of interest. *See Stoneridge*, 888 N.E.2d at 645. Thus, Travelers was under no obligation to appoint independent counsel or advise DHR of its right to independent counsel because no conflict of interest existed that triggered the need for independent counsel. The Court accordingly grants Travelers's motion to dismiss Count III with prejudice only with respect its claims for breach of duty to defend for failure to appoint independent counsel and advise DHR about its right to independent counsel in *Barge*. DHR's claim for breach of duty to defend in Count III for Travelers's failure to pay independent counsel in *Torres* remains viable as Travelers did not move to dismiss it.

### III. Count V

Count V alleges that Travelers engaged in vexatious and unreasonable conduct toward DHR that forced DHR to file the Complaint and seeks relief under 215 ILCS 5/155. Specifically, the Complaint alleges that Travelers

> (i) deprived DHR of its right to independent counsel in *Barge*, (ii) controlled the defense of *Barge* by appointing its conflicted panel counsel, Freeman Mathis, (iii) failed to respond to multiple letters from DHR regarding *Barge* and *Torres*, (iv) failed to promptly pay, or even acknowledge its obligation to pay, the Defense Expenses DHR incurred in *Torres*, (vi) demanded that DHR report on its *Torres* defense efforts to its adversary in the instant case, and (vii) wrongfully accused DHR of "prejudicing" Travelers and "potentially compromising" its right to coverage under the Policy in *Barge*.

The parties agree in the Joint Status Report that Count V is not moot. Travelers moves to dismiss Count V arguing that there was no serious conflict implicating a right to independent counsel and insurers have a right to control the defense of claims that they are obligated to defend. Travelers claims that the Complaint contains no allegations of unanswered letters from DHR and that payment of RSG in *Torres* is a matter between Travelers and RSG, not Travelers

and DHR. In addition, Travelers asserts that its request that RSG report to Rosen was part of DHR's duty to cooperate with Travelers in the defense of its claims and DHR was not prejudiced by this request. Lastly, Travelers posits that its alleged accusation against DHR was not vexatious or harassing as a matter of law.

Under Section 155, "[i]n any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts: (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs; (b) $60,000; (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action." 215 ILCS 5/155   Illinois courts have held that Section 155 "is intended to penalize vexatious delay or rejection of legitimate claims by insurance companies. If the insurer vexatiously delays or rejects legitimate claims, it is responsible for the expense resulting from the insured's efforts to prosecute the claim." *Combined Ins. Co. of America v. Certain Underwriters at Lloyd's London*, 826 N.E.2d 1089, 1097 (Ill. App. Ct. 2005). "An insurer's actions are not vexatious and unreasonable if (1) there is a bona fide dispute concerning the scope and application of insurance coverage; (2) the insurer asserts a legitimate policy defense; (3) the claim presents a genuine legal or factual issue regarding coverage; or (4) the insurer takes a reasonable legal position on an unsettled issue of law." *TKK USA, Inc. v. Safety Nat'l Cas. Corp.*, 727 F.3d 782, 793 (7th Cir. 2013).   Whether conduct is vexatious or unreasonable under Section 155 is a factual

question that involves consideration of the totality of the circumstances. *See Med. Protective Co. v. Kim*, 507 F.3d 1076, 1087 (7th Cir. 2007) ("Whether an insurer acted unreasonably or vexatiously presents an issue of fact…requiring courts to consider the totality of circumstances[.]") (citations omitted).

As discussed in Section II, Travelers's failure to provide independent counsel in *Barge* was not a breach of its duty to defend and therefore does not constitute vexatious or unreasonable conduct. The remaining allegations of misconduct by Travelers are sufficiently supported by facts in the Complaint that if assumed true plausibly state a claim under Section 155 considering that determining whether conduct is vexatious or unreasonable is a factual question. *See, e.g., Wheeler v. Assurant Specialty Prop.*, No. 15 C 673, 2015 WL 5117770 at *4 (N.D. Ill. Aug. 28, 2015) (finding Section 155 survives a 12(b)(6) challenge because it is a factual question and complaint alleged sufficient facts); *Yourglass v. Progressive N. Ins. Co.*, No. 14—CV—221—DRH—SCW, 2015 WL 394016 at *4 (S.D. Ill. Jan. 29, 2015) (denying motion to dismiss Section 155 claim because complaint alleged facts and has more than conclusory statements). The Court thus denies Travelers's motion to dismiss Count V under 12(b)(6).

Finally, because *Barge* has settled and the parties agree that any arguments over ripeness of the Complaint are moot as a result, the Court denies Travelers's motion to stay this case pending resolution in *Barge*.

## CONCLUSION

For the reasons stated therein, the Court grants in part and denies in part Travelers's motion to dismiss for failure to state a claim. The Court dismisses Counts I and II upon agreement of the parties that they are moot. The Court grants Travelers's motion to dismiss Count III to the extent that it seeks relief for Travelers's failure to appoint independent counsel and advise DHR of its right to independent counsel in *Barge*. The Court denies Travelers's motion to dismiss Count V.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: 2/12/2016